At the district court of the United States
for Akron, Ohio

FILED
FEB 24 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

Briana Ashley Harris
Joseph-allen Davis
    (Claimants)

Case Number 5:25 CV 00370
JUDGE ADAMS
MAG JUDGE KNAPP

Jayesh / Jayeshbhai Patel
Amit Patel
Hiral Patel
Jetal Patel
OM SRP LLC
    (Respondents)

Claim of Damages for intentional
emotional distress by way of:
Retaliation pursuant to: 31 U.S.C. 3730(h)

**Claim For Relief and Restitution**

1. We, Briana Ashley Harris and Joseph-allen Davis; request an order for restitution;

2. The causal agent is retaliation due to the presentation of documents, which were also dispatched to several governing bodies, resulting in Briana being fired, the loss of compensation for work already performed by the both of us, loss of living space, and other retaliatory actions;

3. Due to Respondents failure to rebut the documents, as expressly requested, it is agreed that Respondents retaliated as a result of getting said documents;

4. The retaliation did and does harm and injury to our protected freedom to report violations and be free from retaliation when investigating possible false claims;

5. The retaliation began on February 23rd, 2022 and the effects thereof continue still to this day;

6. Respondent(s) and their agencies have been given multiple notices and opportunities to cure;

7. We request restitution for the intentional emotional distress caused by the admitted retaliation;

8. We request 2 times the amount of back pay, interest on the back pay, and compensation for

1

any special damages sustained as a result of the retaliation, including litigation costs;

9. We request any further relief which may be considered just and proper.

We verify, under the Laws of the Supreme Creator of the Universe, all herein is true and correct to the best of our knowledge and we will aver in open court.

Autograph:

_____
By: Briana Ashley Harris

Autograph:

_____
By: Joseph-allen Davis
Preparer of this document

Alleged date: February 24th, 2025

Incare of: Joseph-allen Davis, General Delivery 2650 Cleveland Avenue Northwest, Canton Ohio 44711

In care of: Briana Ashley Harris, 801 Alan Page Drive, Southeast Apartment 2, Canton, Ohio 44707

## Jurisdiction

This court has jurisdiction of this matter in accordance with 28 USC §1331 because this action involves a federal question in connection with the laws of the United States; specifically 31 USC §3730(h) (Relief from Retaliatory Actions).

According to 31 USC §3730(h)(3), "A civil action under this subsection may not be brought more than 3 years after the date when the retaliation occurred".

The first of several retaliatory actions began on February 23rd, 2022, making this action timely in accordance with 31 USC §3730(h)(3) and the Federal Rules of Civil Procedure, Rule 6(a)(3).

## Parties

**Claimants:**

**Briana Ashley Harris; Claimant** and Benefactor for the State of Ohio by way of BRIANA ASHLEY HARRIS. At all times relevant to this matter, Briana fits the description of "employee" or "contractor" in regards to the relevant statute.

**Joseph-allen Davis; Claimant** and Benefactor for the State of Ohio by way of JOSEPH ALLEN DAVIS. At all times relevant to this matter, Joseph fits either the description of "contractor" or " associated others in furtherance of an action" under the relevant statute.

**Respondents:**

**Jayeshbhai or Jayesh Patel; Respondent** and doing business in the the State of Ohio, Stark County, Jackson Township as an owner of Rodeway Inn or OM SRP LLC. At all times relevant to this matter, Jayeshbhei or Jayesh participated in retaliatory actions taken against Briana and Joseph.

**Amit Patel; Respondent** and doing business in the the State of Ohio, Stark County, Jackson Township as a manager at Rodeway Inn or OM SRP LLC. At all times relevant to this matter, Amit participated in retaliatory actions taken against Briana and Joseph.

**Hiral Patel; Respondent** and doing business in the the State of Ohio, Stark County, Jackson

1

Township as a manager at Rodeway Inn or OM SRP LLC. At all times relevant to this matter, Hiral participated in retaliatory actions taken against Briana and Joseph.

**OM SRP LLC; Respondent** and doing business in the the State of Ohio, Stark County, Jackson Township as Rodeway Inn. At all times relevant to this matter, OM SRP LLC was instrumental to the retaliatory actions taken against Briana and Joseph.

**Jetal J. Patel; Respondent** and doing business in the the State of Ohio, Stark County, Jackson Township as an owner of Rodeway Inn or OM SRP LLC. At all times relevant, Jetal was instrumental to the retaliatory actions taken against Briana and Joseph.

## Facts of the matter

1. Near the beginning of April 2021, we; Briana Ashley Harris and Joseph-allen Davis, began to stay at the geographical location commonly called; Rodeway Inn; 6880 Sunset Avenue North Canton Ohio, 44720.

2. Rodeway Inn is managed by Hiral and Amit Patel and alleged to be owned by Jayeshbhai or Jayesh and Jetal Patel acting through the entity called OM SRP, LLC; Respondents.

3. Around May 2021, after discussions and agreements with Respondents, Briana began to clean rooms at the hotel.

4. Eventually, Briana's workload became so much that we both ended up cleaning the rooms; Joseph doing so without compensation.

5. Upon further study, it seemed that Respondents were operating without a "Certificate of Occupancy"; a certification required which would allow Respondents to have guests stay at the hotel longer than thirty (30) days.

2

6. We, and several others similarly situated, were not using the living space as "transient guests".

7. We also thought it was likely that Briana was not being fairly compensated.

8. On November 11th, 2021, after being verbally informed of the issues in detail over the phone, Jayesh replied with statements such as:

> "Please do not go that route ... If you want [to] fight with us, you [will not be] there forever, it might be two weeks, three weeks if you want to go through the legal route." (we have video proof of this event).

9. Respondents called later, making further statements such as:

> "If she [does] not want to work then [...] Saturday morning before eleven just try to vacate the room." (we have video proof of this event)

10. Due to what seemed to be threat, duress, and coercion, we continued to clean the rooms.

11. On February 19th, 2022, after developing a better record, we began to dispatch documents detailing this matter to certain entities governing Respondents; such as the Ohio State Fire Marshal and the Stark County Building Department (see Exhibits 1 and 2).

12. One document informed Respondents, among other matters, that they lacked a "Certificate of Occupancy".

13. Another document was regarding unsanitary conditions and seemingly unfair compensation.

14. We informed Respondents that no response would be considered an agreement.

15. The documents were provided to Respondents on February 23rd, 2022 (see Exhibit 3).

3

16. After being informed of the document, Jayesh made statements over the phone such as the following (see Exhibit 3):

> "I have [an] official way to kick you out. Don't give me s\*\*\* about the laws. [I] also know the law. I own big properties, I have multiple properties, so don't give me s\*\*\* about this."

17. Respondents were informed that we had proof of all their actions via video recording.

18. On February 24th 2022, Respondents fired Briana and withheld compensation for work already performed (see Exhibit 4).

19. On February 24th, 2022, Respondents also posted a one day notice on the door to vacate the premises (see Exhibit 5).

20. On February 25th, 2022, Respondents called women and men acting for the Jackson Township Police Department in Stark county, Ohio (we have video proof of this event).

21. On February 25th 2022, Respondents posted a three day notice on the door (see Exhibit 6).

22. On February 28th, 2022, Respondents again called women and men acting for the Jackson Township Police Department (we have video proof of this event).

23. On February 28th, 2022, we provided a document to Respondents titled "*Notice of possible false claims*" (we have video proof of this event).

24. On March 2nd, 2022 Respondents initiated an eviction proceeding at the Massillon municipal court.

25. On March 24th, 2022, due to failing to Respond to our documents, we provided a "*Notice of*

4

*Agreement...*" to Respondents (we have video proof of this event).

26. Though we did inform women and men acting for the court, we did not volunteer to appear.

27. On April 14th, 2022, armed with a court order and assistance from women and men acting for the municipal court and the local police department, Respondents succeeded with convincing us to leave by way of threat, duress, and coercion (we have video proof of this event).

28. According to information later provided to us from a woman acting for the Ohio State Fire Marshal regarding the results of the investigation dated for April 14th, 2022:

> "The facility is licensed for transient use only, but guestrooms are being utilized as an apartment house use. [...] [Amit and Hiral] have been warned multiple times in the past and any / or all guests staying in rooms past thirty days, and the management, and owner may be charged with an intentional violation of the Ohio Fire Code." (See Exhibit 7)

29. At this point it is necessary to mention that it is clear that our notifications were the cause for the aforementioned investigation (see Exhibit 2).

30. To date, Respondents have not provided any direct response to our documents.

31. Respondents were indeed without the necessary "Certificate of Occupancy" (see Exhibit 7 and 8).

### Probable False Claims leading to our actions

32. We were in good faith in regards to the probability that Respondents were making false claims or reverse false claims to a number of government entities.

33. Aside from the State fire marshal and the county building department, due to their lack of

5

the Certificate of Occupancy, we assumed that Respondents were making false claims to the United States Department of Housing and Urban Development.

34. But as we later found, Respondents were likely making false claims or reverse false claims to the Small Business Administration instead because of the terms within the Respondents' SBA Loan.

35. Although we did not have all the information needed at the time to bring a false claims action against the Respondents:

> "An employee need not actually file a qui tam action to qualify for whistleblower protection, but the activity prompting the plaintiff's discharge must have been taken in furtherance of an FCA enforcement action." *McBride v. Peak Wellness Center, Inc.*, 688 F.3d 698, 704 (10th Cir. 2012)

36. It is clear that Respondents were indeed without the necessary "Certificate of Occupancy" as confirmed by the women and men acting for the Ohio state fire marshal (see Exhibit 6) and the Stark county building department (see Exhibit 7).

## Cause of action

## Retaliation under 31 USC §3730(h)

37. **31 USC §3730**

"(h) RELIEF FROM RETALIATORY ACTIONS.—

(1) IN GENERAL.—Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter."

6

(2) RELIEF.—Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

### Elements regarding False Claims retaliation action

38. (A)  We were engaged in protected activity.

  (i)  We dispatched our notifications, which also informed Respondents of their probable false claims, to a total of thirty-four (34) different governmental agencies.

  (ii)  Bringing this action by way of the False Claims Act was likely to have been a viable action.

(B)  Respondents were aware that we were engaged in protected activity.

  (i)  The Respondents were made aware of the fact that the aforementioned government agencies were informed of their probable false claims verbally, in writing, and on camera.

(C)  Respondents retaliated against us.

  (i)  After we provided notification, Respondents chose to proceed with firing Briana, harassment, discrimination, and setting eviction proceedings in motion.

(D)  Respondent's retaliation was motivated solely by our protected activity.

  (i)  Respondent's immediate reaction after being notified of their probable false claims was to fire Briana, withhold compensation for work already performed, and initiate eviction

proceedings.

### Statement regarding recorded evidence

39. As a reminder, we also retain video proof of Paragraphs 8, 9, 20, 22, 23, 25, 27, and further proof or documentation for most if not all other statements.

40. We are willing to provide said proof to the Respondents, which can be placed on a flashdrive, upon request by the Respondents or upon Order of this court.

41. We will also provide a flashdrive to this court in connection with Exhibits 3 and 4, to be served upon the each Respondent, upon Order of this court.

### Conclusion

42. We have shown that our notifications of February 23, 2022, having been previously dispatched to thirty-four (34) total government agencies days before, was the motivating factor for Respondents retaliating against us.

43. Though our first notifications were not exactly titled "Notice of False Claims", Respondents were made aware that they were possibly making false claims and that certain government entities were informed. We were participating in protected activity.

### Trial by jury

44. We hereby request a trial by jury on this cause of action and claim with respect to which

there is a right to a trial by jury.

### Relief requested

A. We request a judgment for 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the retaliation, including litigation costs;

B. We request a judgment regarding the emotional distress caused by the embarrassment, humiliation, loss of source of life, loss of living space, loss of time, and the traumatic experience of being coerced to flee by armed men due to the retaliatory actions of Respondents;

C. We request any further relief that this court and / or a jury deems just and proper.

We verify, under the Laws of the Supreme Creator of the Universe, all herein is true and correct to the best of our knowledge and we will aver in open court.

Autograph:

_____
By: Briana Ashley Harris

Autograph:

_____
By: Joseph-allen Davis
Preparer of this document

Alleged date: February 24th, 2025