UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Briana Ashley-Harris, et al., | ) | CASE NO. 5:25 CV 370 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Jayesh Patel, et al., | ) | AND ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Background**

*Pro se* Plaintiffs Briana Ashley-Harris and Joseph-allen Davis filed this action against five defendants. Plaintiffs appear to allege some form of retaliation under the False Claims Act. With their complaint, Plaintiffs have filed motions to proceed *in forma pauperis* (Docs. 3 and 4). Those motions are DENIED AS MOOT. For the reasons stated below, the amended complaint is dismissed.

**Standard of Review and Discussion**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). Additionally, federal courts are courts

of limited jurisdiction and must police the boundaries of their jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). A complaint subject to dismissal for lack of subject-matter jurisdiction when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

In general, the False Claims Act ("FCA") contains the following that allow for a cause of action:

> (1) In general.--Subject to paragraph (2), any person who--
>
> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
> ...
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-4101), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729. Plaintiffs here seek to proceed under the "whistleblower" provision of the FCA, 31 U.S.C. § 3730(h), which provides:

> (1) In general.--Any employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

To prevail on a retaliation claim, an employee must demonstrate that:

> (1) he engaged in protected activity, that is, "acts done ... in furtherance of an action under this section"; and (2) he was discriminated against "because of" that activity. To establish the second element, the employee must in turn make two further showings. The employee must show that: (a) "the employer had knowledge the employee was engaged in protected activity"; and (b) "the retaliation was motivated, at least in part, by the employee's engaging in [that] protected activity."

*Id*. at 1260 (quoting *United States ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 736 (D.C.Cir.1998) (quoting S.Rep. No. 99–345, at 35 (1986), reprinted in 1986 U.S.C.C.A.N. 5266, 5300)). For the first requirement—engaging in protected activity—"it is sufficient that a plaintiff be investigating matters that reasonably could lead to a viable False Claims Act case." *Yesudian*, 153 F.3d at 740 (internal quotation marks omitted). However, protected activity does not include "[m]ere dissatisfaction with one's treatment on the job," nor does it encompass "an employee's investigation of nothing more than his employer's non-compliance with federal or state regulations." *Id.* To be afforded whistleblower protection under the FCA, "the plaintiff's investigation must concern 'false or fraudulent claims.'" *Id*.

While Plaintiffs contend that they sent information to 34 different government agencies, none of their correspondence could properly be construed as implicating the FCA. Instead, it appears that Plaintiffs' primary complaints were in regard to Rodeway Inn not having a proper certificate of occupancy. In passing, Plaintiffs appear to mention unsanitary conditions at the Inn and improper compensation for work performed. However, none of those complaints suggest in any manner that Rodeway Inn was submitting false claims to the Government *for payment* from the Government. Accordingly, Plaintiffs have failed to plead that they engaged in a protected activity

3

*under the FCA.*[1]

## Conclusion

For the reasons stated above, the amended complaint is dismissed. The Court further certifies, pursuant 28 U.S.C. 1915(a)(3), that an appeal from this decision could not be taken in good faith. Given this dismissal, the Court orders that the docket for this matter and all its entries be UNSEALED.

IT IS SO ORDERED.


Date: May 8, 2025  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not resolve whether Plaintiffs' actions could be construed as protected activity for purposes of some other, distinct claim. No other claim has been pled.